LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
  *perry.viscounty@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415.391.0600 / 415.395.8095 (Fax)

LATHAM & WATKINS LLP
  David D. Troutman (Bar No. 261556)
  *david.troutman@lw.com*
  Allison S. Blanco (Bar No. 287554)
  *allison.blanco@lw.com*
  Carl J. Bacon (Bar No. 319086)
  *cj.bacon@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
714.540.1235 / 714.755.8290 (Fax)

Attorneys for Plaintiff
CODEXIS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODEXIS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CODEX DNA, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 3:20-cv-03503<br><br>**Complaint For:**<br><br>**(1) Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)**<br><br>**(2) Unfair Competition/False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a))**<br><br>**(3) Common Law Trademark Infringement**<br><br>**(4) Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

# INTRADISTRICT ASSIGNMENT

This matter should be assigned to the San Francisco or Oakland Division pursuant to Civil L.R. 3-2(c). Plaintiff Codexis, Inc. has its principal place of business in Redwood City, California, and, on information and belief, Defendant Codex DNA conducts substantial business throughout the United States, including within Redwood City. Further, a substantial part of the events and omissions which give rise to the claims described below occurred or originated in Redwood City.

# NATURE OF ACTION

1.  Plaintiff Codexis, Inc. ("Plaintiff") is a Redwood City-based company of "Protein Engineering Experts." https://www.codexis.com/. For the last eighteen years, it has provided protein and enzyme optimization services and developed biocatalyst products and screening kits. Its products and services advance and enable breakthrough developments in pharmaceuticals and fine chemicals, biotherapeutics, food and beverage, agriculture, and a wide range of other industries. Plaintiff has continuously offered its various goods and services under several trademarks, including the CODEXIS® mark since at least 2006, and the CODEX® mark since at least 2007.

2.  Defendant Codex DNA, Inc. ("Defendant") is a San Diego-based company that, until recently, operated under the name "SGI-DNA." Specifically, in April 2020—more than a decade after Plaintiff began using its CODEXIS® and CODEX® marks in connection with protein engineering goods and services—Defendant announced that it had rebranded and would begin operating under the name CODEX. As a result, Defendant now offers goods and services under the CODEX mark that are squarely in the primary field in which Plaintiff is and has been operating under the CODEXIS® and CODEX® marks for years—namely, protein engineering. *See, e.g.,* https://codexdna.com/pages/protein-engineering. Defendant also markets and sells goods and services such as hardware, software, materials, and methodologies under its new CODEX mark that are used in connection with writing synthetic genes in a variety of applications that overlap with and/or are otherwise related to Plaintiff's goods and services.

3. In short, while on notice of Plaintiff's longstanding and senior rights in its CODEXIS® and CODEX® marks, Defendant adopted a virtually identical mark and is using it to sell similar goods and services in the same or related fields. Defendant's use of the CODEX mark is likely to cause confusion with Plaintiff's CODEX® and CODEXIS® marks. Despite being promptly notified of Plaintiff's senior rights and the likelihood of confusion created by Defendant's unauthorized use of the CODEX mark, Defendant continues to market their products and services under that mark.

4. Accordingly, Plaintiff brings this action to put a stop to Defendant's unlawful conduct and obtain compensation for the violations that have occurred thus far.

## JURISDICTION AND VENUE

5. This is a civil action alleging federal trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125, and common law trademark infringement and unfair competition under California law.

6. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Plaintiff's claims for relief for a violation of the Lanham Act. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are joined with substantially related claims under the Lanham Act. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because all of Plaintiff's claims arise out of a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant because on information and belief, Defendant is headquartered in California and has conducted substantial business throughout the State of California and attempted to derive financial benefits from residents of the State of California, including by marketing and selling their products to residents of the State of California and otherwise placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including within this District.

8. Venue in this Court exists under: (i) 28 U.S.C. §§ 1391(b)(1), (c)(2), as Defendant conducts business within this District and is subject to the Court's personal jurisdiction; and (ii)

§ 1391(b)(2), as a substantial part of the events giving rise to Codexis's claims occurred within this District.

### THE PARTIES

9. Plaintiff is a Delaware corporation with its principal place of business in Redwood City, California.

10. On information and belief, Defendant is a Delaware corporation with its principal place of business in San Diego, California.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff and Its Successful CODEX® and CODEXIS® Brands

11. Founded in 2002, Plaintiff is a leader in providing protein and enzyme optimization services, and developing biocatalyst products and screening kits. As made clear on its website, Plaintiff's primary focus and expertise is in the field of protein engineering:



https://www.codexis.com/ (emphasis added)

12. Plaintiff began using the CODEXIS® and CODEX® trademarks in commerce in connection with its goods and services in or before 2006 and 2007, respectively.

13. Plaintiff is the owner of U.S. Federal Trademark Registration No. 3,177,355 for the mark CODEXIS® (the "'355 Registration"), which covers a variety of goods and services, including: "chemicals for research and commercial applications pertaining to chemistry, pharmaceuticals, and medicine; chemicals and biochemicals for in vitro scientific, research and commercial use; enzymes used to produce chemicals for research and commercial applications pertaining to chemistry, pharmaceuticals, and medicine; chemicals and biochemicals for use in

the synthesis of pharmaceuticals and chemicals; chemical and biochemical catalysts for use in pharmaceutical and chemical production"; "directed evolution services, namely, the recombination of genes for the benefit of others to produce novel gene sequences for use in science, research, chemistry, and medicine; manufacture of chemicals for others"; and "chemical research services; scientific research services; research, product development, and process development services for others in the fields of chemistry, pharmaceuticals, and biocatalysis." The '355 Registration is incontestable.

14. Plaintiff also owns U.S. Federal Trademark Registration No. 3,779,907 for the mark CODEX® (the "'907 Registration"), which covers "biochemical catalysts for research and commercial applications pertaining to chemistry, pharmaceuticals, and medicine; enzymes used to produce chemicals for research and commercial applications pertaining to chemistry, pharmaceuticals, and medicine." The '907 Registration is incontestable.

15. Plaintiff further owns U.S. Federal Trademark Application Nos. 87/706489 and 87/706494 (the "Applications") for stylized versions of the marks CODEXIS™ and CODEXIS PROTEIN ENGINEERING EXPERTS™, respectively. Plaintiff has used both of these marks in commerce since 2017 in connection with, among other things, "biomanufacturing in the nature of directed evolution services, namely, recombination of genes, proteins and enzymes for the benefit of others to produce novel gene sequences, proteins and enzymes for use in scientific and medical research"; and "biochemistry research and product development for others, namely, custom design and development of highly optimized proteins and enzymes for use in the fields of scientific and medical research, industry and commercial application." Plaintiff has also used these marks since 2018 in commerce in connection with, among other things, "chemicals for use in research in industry and science; chemicals for use in the manufacture of products for commercial applications pertaining to chemistry, pharmaceuticals, and medicine; chemicals and biochemicals for in vitro scientific and research use."

16. Plaintiff offers its products to a range of consumers, including scientists, researchers, and companies in the pharmaceutical, biotherapeutics, food and beverage, and molecular diagnostics industries. These consumers, in turn, use Plaintiff's protein analysis and

manipulation techniques for a wide variety of ends, such as to aid the research and development of life-saving drugs for rare disease patients.

17. Plaintiff's use of the CODEXIS® and CODEX® marks has been substantially continuous and exclusive. Plaintiff therefore owns longstanding common law rights in each of these marks.

18. Plaintiff has successfully marketed and sold its CODEXIS® and CODEX® branded products and services throughout the United States and the world. This success has led to Plaintiff's recognition as one of the "Fastest Growing Private Companies" by Inc. Magazine and Silicon Valley Business Journal, one of the "50 Hottest Companies in Bioenergy" by Biofuels Digest, and one of the "Best & Brightest Companies to Work For" in the San Francisco Bay Area.

19. Plaintiff has attained strong name recognition in the CODEXIS® and CODEX® marks. These marks have come to be associated with Plaintiff and identify Plaintiff as the source of the products and services offered in connection with these marks.

20. Plaintiff has also developed substantial goodwill in the CODEXIS® and CODEX® marks.

21. The CODEXIS® and CODEX® marks are among Plaintiff's most important and valuable assets.

**Defendant's Infringing Activities**

22. On information and belief, prior to Defendant's rebranding in April 2020, it offered its goods and services under the name "SGI-DNA." In April 2020, Defendant announced that it was changing its name from SGI-DNA to Codex, and began using the CODEX mark in connection with its goods and services, including on its website located at www.codexdna.com. On information and belief, Defendant did not use the term "codex" in or as a trademark prior to April 2020.

23. On information and belief, Defendant does not own any trademark registrations or applications for the CODEX mark or any mark that contains the term "codex."

24. Defendant purports to offer a variety of goods and services under its CODEX mark, including "hardware, software, materials, and methodologies required to rapidly and accurately write large quantities of synthetic genes."

25. As depicted in the screenshots below, Defendant's website makes prominent use of the CODEX mark in connection with its claim that protein engineering is a specific application for which its goods and services are intended to be used.





https://codexdna.com/pages/protein-engineering (emphasis added)

26. Defendant also promotes its goods and services as contributing—like Plaintiff's goods and services offered under its CODEXIS® and CODEX® marks—to the research and development of treatments for various diseases and disorders.

27. On its *codexdna.com* website, Defendant describes its target consumers as including "scientific researchers in both academic and commercial settings." On information

and belief, Defendant is targeting the same or overlapping groups of consumers to whom Plaintiff markets its goods and services.

28. Promptly upon learning of Defendant's adoption of its infringing CODEX mark in early April 2020, Plaintiff sent a letter to Defendant confirming the existence of Plaintiff's senior rights in its CODEXIS® and CODEX® marks, the similarities in the parties' respective goods and services, and the resulting likelihood of consumer confusion if Defendant moved forward with its rebranding from SGI-DNA to Codex. Despite the likelihood of confusion and Plaintiff's clear prior rights in its CODEXIS® and CODEX® marks, Defendant moved forward with its use of the infringing CODEX mark and has refused to cease its infringing activities despite Plaintiff's repeated requests.

29. On information and belief, Defendant had notice of Plaintiff's prior rights in the CODEXIS® and CODEX® marks when Defendant adopted its infringing CODEX mark.

30. Defendant's use of the CODEX mark in violation of Plaintiff's valuable intellectual property rights is knowing, intentional, malicious and willful, and is causing harm to Plaintiff.

31. Because of Defendant's malicious and willful continuing infringement and unlawful conduct, Plaintiff is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights. Plaintiff had to retain counsel and incur attorneys' fees and costs (and continues to incur those fees and costs) to prosecute this suit and pursue its claims.

32. Plaintiff's interest in protecting its intellectual property rights and services from customer confusion outweigh any harm to Defendant. The public interest is best served by granting the requested relief against Defendant in this case.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement – 15 U.S.C. § 1114**

33. Plaintiff realleges and incorporates by reference all of the factual allegations set forth above.

34. Plaintiff owns the CODEXIS® and CODEX® marks, the '355 Registration, the '907 Registration, and the Applications.

35. Plaintiff has used the CODEXIS® mark in commerce for more than 14 years and has garnered significant recognition and goodwill in that mark.

36. Plaintiff has used the CODEX® mark in commerce for more than 13 years and has garnered significant recognition and goodwill in that mark.

37. The CODEXIS® and CODEX® marks are strong and distinctive and designate Plaintiff as the source of all products and services advertised, marketed, sold, or used in connection with these marks.

38. Plaintiff is the senior user of the CODEXIS® and CODEX® trademarks as it began using these marks in interstate commerce prior to Defendant's first use of the confusingly similar CODEX mark.

39. Defendant does not have authorization, license, or permission from Plaintiff to market or sell any of its goods or services under the CODEX mark or any confusingly similar mark.

40. Defendant was aware of Plaintiff and its CODEXIS® and CODEX® marks, as Defendant was on constructive notice based on Plaintiff's federal trademark applications and registrations, as well as on actual notice based on, at least, Plaintiff's communications to Defendant about its infringement. Yet, Defendant has continued to use the CODEX mark. Thus, Defendants' unauthorized use of the CODEX mark in connection with goods and services that are similar to Plaintiff's is knowing, intentional, malicious, and willful.

41. Defendant's use of the CODEX mark in interstate commerce in connection with goods and services that overlap with Plaintiff's constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Plaintiff in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.

42. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will continue to be damaged.

43. Defendant's actions therefore constitute trademark infringement.

44. Unless an injunction is issued enjoining any continuing or future use of the CODEX mark by Defendant, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably harm Plaintiff.

45. Defendant's activities have caused and will continue to cause irreparable harm to Plaintiff, for which it has no adequate remedy at law, because: (i) Plaintiff's CODEXIS® and CODEX® trademarks and its trademark registrations and applications covering the same comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Plaintiff's goodwill and customer relationships and is harming and will continue to substantially harm Plaintiff's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to Plaintiff, are continuing. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

46. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an order: (i) requiring Defendant to account to Plaintiff for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Plaintiff that were caused by Defendant's conduct.

47. Defendant's conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Plaintiff is therefore entitled to an award of treble damages against Defendant.

48. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus, Plaintiff is entitled to an award of attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)**

49. Plaintiff realleges and incorporates by reference all of the factual allegations set forth above.

50. The CODEXIS® and CODEX® marks are strong and distinctive and designate Plaintiff as the source of all goods and services advertised, marketed, sold, or used in connection with these marks. In addition, by virtue of Plaintiff's continued and extensive use of the CODEXIS® and CODEX® marks in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under these marks, the CODEXIS® and CODEX® marks have developed an outstanding reputation, and they are easily recognizable and associated with a single source of products and services.

51. Plaintiff is the senior user of the CODEXIS® and CODEX® marks, as it began use of these marks in interstate commerce prior to Defendant's first use of the CODEX mark in connection with Defendant's goods and services.

52. Defendant was aware of Plaintiff and its CODEXIS® and CODEX® trademarks, as Defendant was on constructive notice based on Plaintiff's federal trademark applications and registrations, as well as on actual notice based on, at least, Plaintiff's communications to Defendant about its infringement. Yet, Defendant has continued to use the CODEX mark. Thus, Defendant's unauthorized use of the CODEX mark in connection with goods and services that are similar to Plaintiff's is knowing, intentional, malicious, and willful.

53. Through its use of the confusingly similar CODEX mark, Defendant intended to mislead consumers into believing that Plaintiff somehow authorized, originated, sponsored, approved, licensed, or participated in Defendant's use of the confusingly similar CODEX mark in connection with its products and services.

54. In fact, there is no connection, association, or licensing relationship between Plaintiff and Defendant, nor has Plaintiff ever authorized, licensed, or given permission to Defendant to use the CODEX mark in any manner.

55. Defendant's use of the CODEX mark will likely cause confusion as to the origin and authenticity of Defendant's website, goods and services or whether there is a relationship between Defendant and Plaintiff, when there is not.

56. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will continue to be damaged.

57. Defendant's actions thus constitute false designation of origin and unfair competition.

58. Defendant's activities have caused and will continue to cause irreparable harm to Codexis, for which it has no adequate remedy at law, because: (i) Plaintiff's CODEXIS® and CODEX® marks and its trademark registrations and applications covering the same comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Plaintiff's goodwill and customer relationships and is harming and will continue to substantially harm Plaintiff's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to Plaintiff, are continuing. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

59. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an order: (i) requiring Defendant to account to Plaintiff for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Plaintiff that were caused by Defendant's conduct.

60. Defendant's conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Plaintiff is therefore entitled to an award of treble damages against Defendant.

61. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Plaintiff is entitled to an award of attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**Common Law Trademark Infringement**

62. Plaintiff realleges and incorporates by reference all of the factual allegations set forth above.

63. Plaintiff has valid and protectable common law rights in the CODEXIS® and CODEX® marks.

64. Plaintiff is the senior user of the CODEXIS® and CODEX® trademarks.

65. Defendant's conduct constitutes infringement of Plaintiff's common law rights in the CODEXIS® and CODEX® marks.

66. Defendant's use of the CODEX mark on unauthorized goods and services is likely to cause confusion as to the origin of Defendant's goods and services and is likely to cause others to believe that there is a relationship between Defendant and Plaintiff.

67. Defendant's wrongful acts have permitted and will permit it to receive substantial profits based upon the strength of Plaintiff's reputation and the substantial goodwill Plaintiff has built up in the CODEXIS® and CODEX® marks.

68. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will continue to be damaged.

69. Unless an injunction is issued enjoining any continuing or future use of the CODEX mark by Defendant in connection with its goods and services, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Plaintiff. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction.

## FOURTH CLAIM FOR RELIEF
**Common Law Unfair Competition**

70. Plaintiff realleges and incorporates by reference all of the factual allegations set forth above.

71. Plaintiff has expended significant time and expense in developing the CODEXIS® and CODEX® marks and the high-quality products and services that it markets and sells under these marks. Plaintiff's promotion of its business and goods under the CODEXIS® and CODEX® marks has been very successful, and Plaintiff has developed a substantial reputation and goodwill in the marketplace under these marks.

72. Through its actions described above, Defendant has misappropriated Plaintiff's efforts and is exploiting Plaintiff's trademarks and reputation to market and sell its own goods and services under the CODEX mark. These actions constitute unfair competition.

73. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will continue to be damaged.

74.     Unless an injunction is issued enjoining Defendant's unfairly competitive conduct, Plaintiff will continue to be damaged irreparably. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction.

75.     Defendant has acted willfully, intentionally and maliciously, such that Plaintiff is entitled to punitive damages.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

A.      An injunction ordering Defendant, and its officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them (collectively, the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, to:

    i.    cease all use and never use the CODEX mark or any other mark likely to cause confusion with the CODEXIS® and CODEX® marks, on or in connection with the promotion, advertising, marketing, offering, or providing of any goods or services;

    ii.    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties are in any manner associated or connected with Plaintiff, or are licensed, approved, or authorized in any way by Plaintiff;

    iii.    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of their products or services, are related to, authorized, or sponsored by Plaintiff;

    iv.    never unfairly compete with Plaintiff in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate

LATHAM&WATKINS<sup>LLP</sup>  US-DOCS\116208160.1
ATTORNEYS AT LAW
13
COMPLAINT
DEMAND FOR JURY TRIAL

|   |      | in any way to the CODEXIS® or CODEX® marks and the goods and services offered under these marks, or any other mark likely to cause confusion with these marks; |
|---|------|---|
|   | v.   | never apply for or seek to register the CODEX mark or any other mark likely to cause confusion with the CODEXIS® or CODEX® marks; |
|   | vi.  | never register or use any social media accounts or usernames that contain the CODEXIS® or CODEX® marks; |
|   | vii. | never register or use any domain name that contains the CODEXIS® or CODEX® marks; and |
|   | viii.| transfer to Plaintiff all domain names and social media accounts/usernames in Defendant's possession, custody, or control that include the term "codex." |

B.  An order directing the Enjoined Parties to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the injunction.

C.  An order, pursuant to 15 U.S.C. § 1118, directing the Enjoined Parties to deliver up and destroy all infringing products, labels, signs, prints, packages, wrappers, receptacles, advertisements, plates, molds, matrices, and/or other means of making the same.

D.  To give practical effect to the Court's injunction, the social networking service or entity (e.g., Twitter, Facebook) related to any of the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer those accounts to Plaintiff if Defendant has not already done so.

E.  To give practical effect to the Court's injunction, the Registry or Registrar for any of the prohibited domain names shall, within fourteen (14) days of receipt of the Order, transfer or otherwise assign those domain names to Plaintiff if Defendant has not already done so.

F.  An order finding that Defendant has infringed Plaintiff's federally-registered trademarks in violation of 15 U.S.C. § 1114.

G. An order finding that Defendant has created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

H. An order finding that Defendant has engaged in common law trademark infringement.

I. An order finding that Defendant has engaged in common law unfair competition.

J. An order awarding Plaintiff damages as follows:

    i. Plaintiff's actual damages, as well as all of Defendant's profits or gains of any kind from its acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages, pursuant to 15 U.S.C. § 1117(a),; and

    ii. Punitive damages pursuant to California common law.

K. An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding Plaintiff its reasonable attorneys' fees.

L. An order pursuant to 15 U.S.C. § 1117(a) awarding Plaintiff all of its costs, disbursements, and other expenses incurred due to Defendant's unlawful conduct.

M. An order awarding Plaintiff pre-judgment interest.

N. An order awarding Plaintiff such other relief as the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: May 22, 2020

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Perry J. Viscounty
Perry J. Viscounty

*Attorneys for Plaintiff*
CODEXIS, INC.