IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODEXIS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CODEX DNA, INC.,<br><br>    Defendant. | Case No. 20-cv-03503-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS; DIRECTIONS TO DEFENDANT** |

Before the Court is plaintiff Codexis, Inc.'s "Motion for Leave to File Amended Answer and Counterclaims," filed July 7, 2021.  Defendant Codex DNA, Inc. has filed opposition, to which plaintiff has replied.  Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

Plaintiff is a "protein engineering and optimization services" company that, for the past eighteen years, has offered its goods and services under several trademarks, including its registered CODEXIS® mark since at least 2006, and its registered CODEX® mark since at least 2007.  (See Opp. at 2:4-6; see also Compl. ¶ 1.)

Defendant is a "DNA synthesis company" that, prior to April 2020, offered its goods and services under the name "SGI-DNA."  (See Mot. at 2:18-22; see also Compl. ¶ 22.)  In April 2020, defendant "announced that it was changing its name from SGI-DNA to Codex, and began using the CODEX mark in connection with its goods and services."  (See Compl. ¶ 22.)

---

[1] By order filed August 11, 2021, the Court took the matter under submission.

On May 22, 2020, plaintiff filed the instant action, by which it asserts the following four claims: (1) "Federal Trademark Infringement – 15 U.S.C. § 1114," (2) "Federal Unfair Competition/False Designation of Origin – 14 U.S.C. § 1125(a)," (3) "Common Law Trademark Infringement," and (4) "Common Law Unfair Competition."

## DISCUSSION

By the instant motion, defendant, pursuant to Rules 16(b)(4) and 15(a)(2) of the Federal Rules of Civil Procedure, seeks leave to amend its Answer "to add a priority affirmative defense and partial cancellation counterclaims based on information learned during fact discovery." (See Mot. at 1:10-12.)

Where a district court has issued a pretrial scheduling order containing a deadline to amend pleadings, a motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (holding, "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards controlled"). Once the moving party has made a sufficient showing under Rule 16, such party "must then demonstrate that its motion is also proper under Rule 15." See Rodarte v. Alameda Cnty., No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing Johnson, 975 F.2d at 608).

Under Rule 16, a pretrial schedule "may be modified only for good cause." See Fed. R. Civ. P. 16(b)(4). To show good cause, a party moving under Rule 16 must show it acted with "diligence" in "seeking the amendment." See Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.

Under Rule 15, leave to amend should be "freely give[n] . . . when justice so requires." See Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate under Rule 15, courts consider the following four factors: "bad faith, undue

delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In the instant action, the Court issued its pretrial scheduling order on October 9, 2020, by which order the Court set January 18, 2021, as the deadline for amendment of the pleadings. (See Pretrial Preparation Order, filed Oct. 9, 2020.) Consequently, defendant must first show good cause to amend exists under Rule 16, and then, if good cause is shown, must demonstrate the proposed amendment is proper under Rule 15. The Court addresses the two proposed amendments, in turn.

**A.    Affirmative Defense**

Defendant first seeks leave to add a "priority affirmative defense" alleging plaintiff's claims "are barred, in part or in whole, because it lacks prior trademark rights over [defendant] in the field of DNA synthesis." (See Mot. App. A (Proposed Am. Answer & Countercls.) at 10:9-10.) In arguing it was diligent in seeking amendment, defendant asserts it only recently learned that plaintiff now "seeks to enter" the "field of DNA synthesis" and that it began selling its "Codex HiFi DNA polymerase" and "Codex HiCap RNA polymerase" products to customers in January 2021. (See Mot. at 11:12-13; Decl. of Gina Durham ("Durham Decl.") Ex. 6 (Hammons Dep.) at 51:2-19); see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1051 (9th Cir. 1999) (discussing determination of priority "[w]hen a senior user of a mark on product line A expands later into product line B and finds an intervening user" (internal quotation and citation omitted)). Specifically, defendant states it first learned of those facts during the depositions of plaintiff's Chief Executive Officer, John Nicols ("Nicols"), and Senior Director of Business Development, Aaron Hammons ("Hammons"), conducted May 13, 2021, and May 26, 2021, respectively. (See Mot. at 10:17-11:12; see also Durham Decl. Ex. 1 (Nicols Dep.) at 106:17-21; Durham Decl. Ex. 6 at 51:2-19.)

In response, plaintiff contends defendant, prior to the deadline to amend pleadings, knew plaintiff "is 'entering' the allegedly distinct DNA synthesis field." (See Opp. at 8:14-15.) In particular, plaintiff contends that, at least three months before the

3

deadline, defendant was aware plaintiff had issued a press release announcing its entry into a partnership with Molecular Assemblies, Inc. ("Molecular Assemblies"), a biotechnology company operating "in the field of enzymatic DNA synthesis," the stated goal of such partnership being "accelerating the commercialization of enzymatic DNA synthesis." (See Durham Decl. Ex. 3 (Codexis Press Release, dated June 23, 2020); see also Opp. at 8:14-9:2.)[2]

As defendant points out, however, plaintiff's press release regarding the above-referenced partnership does not state plaintiff itself was intending to expand its product offerings by selling goods and services in the field of DNA synthesis. Rather, the press release suggests plaintiff would be providing its "cash and protein engineering" expertise to Molecular Assemblies, and that Molecular Assemblies, not plaintiff, would "commercializ[e]" any enzymatic DNA synthesis process resulting from the partnership. (See Durham Decl. Ex. 3.) Indeed, press coverage regarding the partnership appears to confirm that understanding. (See Decl. of Carl J. Bacon Ex. 7 (article in "Nature Biotechnology" dated Oct. 5, 2020) at 2, 6 (stating, "[i]n June, protein engineering company Codexis announced a collaboration in which it was purchasing $1 million worth of stock in Molecular Assembles to accelerate the latter company's work on enzymatically driven DNA synthesis").)[3]

The Court thus finds defendant has made the requisite showing of diligence. See, e.g., Herman Miller, Inc. v. Blumenthal Distrib., Inc., No. LA CV17-04279 JAK (SPx), 2019 WL 1416472, at *21 (C.D. Cal. Mar. 4, 2019) (noting, "[i]n general, requests to amend made within one to two months after a party claims to have learned new

---

[2] Although plaintiff also asserts plaintiff "has been working with and using synthetic DNA as part of its work *in* protein engineering for nearly two decades now" (see Opp. at 8:14-19 (emphasis in original)), plaintiff fails to show how defendant, even if it had such information, would know or should have known plaintiff intended to eventually offer goods and services in the field of DNA synthesis.

[3] The page numbers for Exhibit 7 to the Bacon Declaration, as used herein, are those affixed to the top of each page by this district's electronic filing program.

4

information are deemed timely").

Plaintiff next argues it would be prejudiced by the requested amendment, as the deadlines for completing fact discovery and serving affirmative expert reports have passed. As defendant points out, however, plaintiff has failed to identify what additional discovery, if any, it would need or what prejudice, if any, it would suffer.

Accordingly, with respect to the proposed affirmative defense, the Court finds defendant has made the requisite showing of good cause under Rule 16.

As noted, once good cause under Rule 16 has been shown, the Court's analysis turns to Rule 15. In arguing defendant has failed to make a sufficient showing under Rule 15, however, plaintiff essentially repeats the same arguments it raises with respect to Rule 16, which arguments, for the reasons discussed above, are unavailing.

Accordingly, defendant's motion for leave to amend to add its proposed affirmative defense will be granted.[4]

**B.   Counterclaims**

Defendant seeks leave to add three "partial cancellation counterclaims" alleging plaintiff "has never proven use of [plaintiff's registered] marks . . . in connection with the bona fide sale of DNA synthesis offerings," and, consequently, that defendant "is entitled to the partial cancellation [of those registrations], properly limiting the goods and services covered [thereunder] to the provision of protein and enzyme optimization services." (See Mot. App. A at 13:14-16, 14:23-25, 15:19-21, 16:15-17); see also 15 U.S.C. § 1119 (providing, "[i]n any action involving a registered mark the court may . . . order the cancelation of registrations, in whole or in part"). In arguing it was diligent, defendant asserts it wasn't until Nicols' deposition that it learned plaintiff is claiming its trademark registrations cover goods and services in the field of DNA synthesis. (See Mot. at 13:4-6 (citing Durham Decl. Ex. 1 at 44:5-46:19).)

---

[4] At this stage of the proceedings, the Court makes no determination as to the strength of the defense.

As plaintiff points out, however, such claim has been known to defendant since, at the latest, the inception of the instant action. In particular, in support of its trademark infringement claims, plaintiff alleges it is the owner of, inter alia, "U.S. Federal Trademark Registration No. 3,177,355 for the mark CODEXIS® . . ., which covers a variety of goods and services," including "directed evolution services, namely, the recombination of genes for the benefit of others to produce novel gene sequences for use in science, research, chemistry, and medicine" (see Compl. ¶¶ 1, 13), and that defendant is using "its new CODEX mark . . . in connection with writing synthetic genes in a variety of applications that overlap with and/or are otherwise related to [p]laintiff's goods and services" (see id. ¶ 2; see also id. ¶ 24 (alleging "[d]efendant purports to offer a variety of goods and services under its CODEX mark, including 'hardware, software, materials, and methodologies required to rapidly and accurately write large quantities of synthetic genes'")).

Accordingly, defendant has failed to make the requisite showing of diligence, and, consequently, has failed to make the requisite showing of good cause under Rule 16. See In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (affirming order denying leave to amend complaint; quoting district court's observation that "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action"), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 575 U.S. 373 (2015); see also Johnson, 975 F.2d at 609 (holding, "[i]f th[e] party [seeking amendment] was not diligent, the inquiry should end").

## CONCLUSION

For the reasons stated above, defendant's Motion for Leave to File Amended Answer and Counterclaims is hereby GRANTED in part and DENIED in part as follows:

1. To the extent defendant seeks leave to add a priority affirmative defense, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

Defendant is hereby DIRECTED to file, no later than September 17, 2021, an Amended Answer in accordance with the above.

**IT IS SO ORDERED.**

Dated: August 17, 2021

MAXINE M. CHESNEY
United States District Judge