UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CODEXIS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CODEX DNA, INC.,<br><br>    Defendant. | Case No. 20-cv-03503-MMC   (RMI)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. No. 95 |

Now pending before the court is jointly-filed letter brief through which Plaintiff seeks to compel the production of additional documents falling into six categories of information, and through which Plaintiff also seeks an order providing for the deposition of three persons. *See* Ltr. Br. (dkt. 95) at 3. Defendant opposes these requests and contends that Plaintiff "now seeks to reopen fact discovery 6 months after it closed to serve new discovery requests that could and should have [been] served during discovery, and to exceed the 10-depositions under Rule 30(a)(2) to depose witnesses it knew of and chose not to depose." *Id*. at 4. Plaintiff does not contend that its discovery requests were tendered during the period allowed for fact discovery; instead, with a measure of hyperbole (e.g., Plaintiff submits that documents tendered in discovery "showed that Codex withheld key information during discovery and continues to do so." *Id*. at 1) Plaintiff submits that the discovery it has thus far received has given rise to its desire, or need, to engage in further discovery – to wit, its request to compel the documents and information under the six categories it has outlined. *See id*. at 3. As to its request to take additional depositions, Plaintiff contends that the deposition of Vikki Mi "raised more issues regarding Codex's efforts to withhold relevant evidence that undermines the counterfactual narrative Codex has advanced in this litigation." *Id*.

Judge Chesney's Second Amended Pretrial Preparation Order (dkt. 94) in this case fixed the non-expert discovery cutoff date as May 27, 2021. Despite the fact that Plaintiff has attempted

to couch its requests as something in the nature of a discovery dispute – in reality, Plaintiff seeks an order from the undersigned that would have the effect of upending the case schedule established by the presiding judge. However, the undersigned does not have the authority to make any changes to the presiding judge's trial schedule. *See e.g., Nuance Communs., Inc. v. ABBYY Software House*, No. C 08-02912 JSW (MEJ), 2012 U.S. Dist. LEXIS 95331, at *7-8 (N.D. Cal. July 10, 2012); *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 U.S. Dist. LEXIS 174348, at *6 (C.D. Cal. Oct. 16, 2015) (a referral judge does not have the authority to order discovery after the deadline set by the presiding judge); *Watts v. Allstate Indemnity Co.*, 2012 U.S. Dist. LEXIS 153136, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 2006 U.S. Dist. LEXIS 48755, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."); *see also* Local Civ. R. 16-2(d) (Relief from Case Management Schedule) ("By serving and filing a motion with <u>the assigned Judge</u> . . . a party . . . may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference.") (emphasis added).

If Plaintiff wishes to reopen discovery, or to otherwise seek a modification of the case schedule established by the Second Amendment Pretrial Preparation Order, Plaintiff must file such a request before the presiding judge. In light of the fact that fact discovery closed months ago, Plaintiff's request to reopen discovery may very well require upending various other case deadlines (e.g., the expert discovery cutoff date is January 28, 2022, the deadlines for filing and opposing *in limine* motions are in February and March of 2022, and trial is currently set for April 25, 2022), therefore, Plaintiff's request to compel the discovery in question is **DENIED** as untimely.

**IT IS SO ORDERED.**

Dated: December 1, 2021

ROBERT M. ILLMAN
United States Magistrate Judge